UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCIS WOUKOP YOMI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CARLOS DEL TORO,<br><br>　　　　　Defendant. | CASE NO. C23-5199-KKE<br><br>ORDER DENYING THE MOTION FOR ENTRY OF DEFAULT AND DENYING IN PART THE MOTION TO DISMISS |

　　　This matter comes before the Court on Plaintiff's motion for entry of default, and Defendant's motion to dismiss or, in the alternative, to extend the service deadline. Dkt. Nos. 17, 20. For the reasons explained herein, Plaintiff's motion for entry of default is denied and Defendant's motion is granted in part and denied in part.

　　　Plaintiff Francis Woukop Yomi filed a complaint alleging employment discrimination against Defendant Carlos del Toro, the secretary of the United States Navy, on April 19, 2023, and subsequently requested that the Court serve the summons and complaint on Secretary del Toro. Dkt. Nos. 6, 10. The Court granted Yomi's motion, and mailed him service forms to complete and return within 14 days. Dkt. No. 11. Yomi returned a completed summons form for Secretary del

ORDER - 1

Toro at his Pentagon address to the Court, and the U.S. Marshals effectuated service on June 21, 2023. Dkt. No. 21.

Yomi moved for entry of default against Secretary del Toro on October 2, 2023, because he had not responded to the summons and complaint within 60 days of service. Dkt. No. 17. Secretary del Toro opposed the motion for entry of default two days later, contending that entry of default was inappropriate because he had not been properly served, given that Yomi did not deliver copies of the summons and complaint to the United States Attorney's Office or to the United States Attorney General as required in Federal Rule of Civil Procedure 4(i). Dkt. No. 20. Secretary del Toro also argued that the case should either be dismissed under Federal Rule of Civil Procedure 4(m) because Yomi did not perfect service within 90 days, or that the Court should allow a short extension of the service deadline. *Id*.

Yomi responded to Secretary del Toro's motion to dismiss, contending that any error as to service was the fault of the U.S. Marshal, who should have provided copies of the summons and complaint to the United States Attorney's Office and the United States Attorney General pursuant to court order. Dkt. No. 22. But the docket reflects that Yomi completed a summons form for Secretary del Toro only, not for the United States Attorney's Office or the United States Attorney General. *See* Dkt. No. 12.[1] An affidavit of service filed after the pending motions were filed indicates that only Secretary del Toro was served. Dkt. No. 21.

For these reasons, although Yomi characterizes Secretary del Toro's motion to dismiss as untimely (Dkt. Nos. 22, 24) because it was not filed within 60 days of the date that the marshals

---

[1] The docket also reflects, however, that the U.S. Marshal received three copies of the complaint, and the original plus two copies of the summons. Dkt. No. 12. It is not clear from that docket entry whether the U.S. Marshal was instructed to serve only one copy of the summons and complaint on Secretary del Toro, or whether the additional copies were intended to be served on the United States Attorney's Office and the United States Attorney General. *Id*. In any event, there is no evidence that Yomi completed summons forms for the United States Attorney's Office or the United States Attorney General, or otherwise asked for the additional copies of the complaint to be sent there.

ORDER - 2

served him with a copy of the summons and complaint, the Court concludes that Secretary del Toro's 60-day deadline to respond to Yomi's complaint has not yet started to run because service has not been perfected.  *See, e.g.*, *Taylor v. Wilkie*, No. 20-5471, 2021 WL 9649332, at *2 (W.D. Wash. Feb. 16, 2021).

Because it appears that service has not yet been perfected under Federal Rule of Civil Procedure 4(i), the Court DENIES Yomi's motion for default (Dkt. No. 17).  The Court also DENIES IN PART the Secretary's motion to dismiss (Dkt. No. 20) to the extent that it requests dismissal of the case in its entirety due to defective service, and GRANTS IN PART the motion to dismiss (Dkt. No. 20) to the extent it requests in the alternative that Yomi be given additional time to complete service.  *See* Dkt. No. 20 at 5.

The Clerk shall mail service forms to Yomi, who shall return the service forms and two service copies of his complaint for the United States Attorney's Office and the United States Attorney General, no later than November 22, 2023.  The service forms must be completely and accurately filled out.  Failure to return the service forms and service copies of the complaint by November 22, 2023, will result in the dismissal of Yomi's complaint.  If Yomi returns the service forms and service copies of his complaint, the clerk is directed to effect service as provided in previous court orders.  *See* Dkt. Nos. 5, 11.

Dated this 31st day of October, 2023.

*[signature]*

Kymberly K. Evanson
United States District Judge

ORDER - 3