UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCIS WOUKOP YOMI,<br><br>                Plaintiff(s),<br><br>  v.<br><br>CARLOS DEL TORO, et al.,<br><br>              Defendant(s). | CASE NO. C23-5199-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT |

      Plaintiff Francis Woukop Yomi filed this action in April 2023, asserting claims that he had exhausted before the Equal Employment Opportunity Commission ("EEOC") related to his employment with the United States Navy in July and August 2014. Dkt. No. 6. In April 2016, Yomi voluntarily withdrew a retaliation/discrimination claim listed in his complaint ("Claim 7") while his complaint was pending before the EEOC. *See* Dkt. No. 46-3. Between the time of the 2016 withdrawal and May 2024, Yomi did not reference Claim 7 in the EEOC proceedings or in this case. But on May 28, 2024, Yomi filed a motion for leave to amend his complaint to add Claim 7 and to edit the wording of the claims listed in the initial complaint. Dkt. No. 46. Defendant Carlos Del Toro, secretary of the Navy, does not oppose Yomi's motion insofar as it seeks to edit the wording of claims, but does oppose his request for leave to add Claim 7. Dkt. No. 47. For the following reasons, the Court agrees that Claim 7 is time-barred and thus will allow

Yomi to amend his complaint to edit the wording of his claims, but will not grant leave to add Claim 7.

After the passage of 21 days since the service of a responsive pleading to a complaint, a plaintiff may thereafter amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." *Id*. A court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (cleaned up), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). An amendment is futile if it would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, allowing Yomi to add Claim 7 to this action would be futile because that claim is time-barred, for the reasons outlined in Defendant's partial opposition. Dkt. No. 47. Under Title VII, which governs Yomi's claims here (Dkt. No. 6 at 3), claimants have 90 days to file an action in federal court after receiving notice from the EEOC that it will not act on their claim. *See* 42 U.S.C. §§ 2000e-5(f)(1), 2000e-16(c)–(d); 29 C.F.R. § 1614.407. Although Yomi withdrew Claim 7 while it was pending before the EEOC (Dkt. No. 46-3), and therefore did not receive a right-to-sue letter or other order that explicitly referenced the 90-day deadline to file a federal lawsuit, he did receive notice that his withdrawal was effective and that Claim 7 was no longer remaining in his EEOC case. *See* Dkt. No. 48-3. Yomi did not take any subsequent action to exhaust Claim 7 for approximately eight years while litigating his complaint before the EEOC or when filing his complaint in this federal action. The statute of limitations on Claim 7 therefore either expired 90 days after he received notice that his withdrawal of Claim 7 was effective (Dkt. No. 48-3 at 3 (dated June 10, 2016)), or 90 days after the issuance of his right-to-sue letter (Dkt. 48-5 (dated

December 6, 2020)). Under either scenario, Claim 7 is now time-barred and would be subject to dismissal if Yomi added it to his amended complaint.

Yomi raises several arguments in his reply. Dkt. No. 40. First, Yomi contends that Defendant's opposition is untimely, but he is mistaken. Yomi's motion was filed on May 28, 2024, and was therefore ripe on June 18, 2024, under the Local Rules of this district. *See* Local Rules W.D. Wash. LCR 7(d)(2). Defendant's response was due on June 12, 2024, and it was in fact filed on that day. *See* Dkt. No. 47. And as to Defendant's argument regarding the statute of limitations, Yomi asserts that any actions taken while his complaint was pending with the EEOC are irrelevant to his federal lawsuit. Dkt. No. 49 at 4. But, as discussed earlier, the statute of limitations on claims presented to the EEOC starts running when the EEOC takes certain actions, and Yomi cites no authority indicating that the clock restarts in federal court. Yomi is mistaken that either Federal Rule of Civil Procedure 15 or 41 can revive a time-barred claim. *Id*.

Defendant has met his burden to show that allowing Yomi to add Claim 7 to this lawsuit would be futile, and the Court thus will not grant leave for that purpose. But to the extent that Yomi wishes to edit the wording of the claims listed in his original complaint, he has leave to do so. The Court therefore GRANTS IN PART and DENIES IN PART Yomi's motion for leave to amend his complaint. Dkt. No. 46. Yomi may file an amended complaint no later than July 31, 2024.

Dated this 11th day of July, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT - 3