UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCIS WOUKOP YOMI, | CASE NO. C23-5199-KKE |
| Plaintiff(s), | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| CARLOS DEL TORO, et al., | |
| Defendant(s). | |

Plaintiff, a former probationary employee of the United States Navy, filed this suit alleging that in August to October 2014, he was subjected to retaliation and discrimination on the basis of race, color, and national origin in violation of Title VII of the Civil Rights Act.  Dkt. No. 44 at 1. Plaintiff filed a motion to compel Defendant, the secretary of the Navy, to produce documents and information responsive to three interrogatories ("ROG") and eight requests for production ("RFP").  Dkt. No. 67.[1]  For the following reasons, the Court finds that Plaintiff's motion seeks documents or information that Defendant either does not have or that would be irrelevant to this case, and therefore the Court denies Plaintiff's motion.

---

[1] Although Plaintiff requested oral argument on this motion, the Court finds the motion suitable for resolution on the briefing.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 1

1

## I.       LEGAL STANDARDS

Civil litigants are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  If the requested discovery is not produced, the requesting party may move for an order compelling such discovery after conferring or attempting to confer with the other party.  Fed. R. Civ. P. 37(b)(1).   Additionally, the Court must limit the extent of requested discovery if it determines that it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[,]" or if it is "outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

The party seeking discovery bears the initial burden of establishing that its request is relevant.  *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Whether requested discovery is proportionate to the claim is determined based on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## II.    ANALYSIS

For the following reasons, the Court finds that Defendant's objections[2] to each of the disputed discovery requests are well-founded and will deny Plaintiff's motion to compel in its entirety.  The Court further denies Plaintiff's request to find that Defendant improperly failed to preserve any information requested or to draw an inference that the information sought would have been helpful to Plaintiff.

### A.    Plaintiff's Motion is Denied With Respect to ROG 1.

In ROG 1, Plaintiff seeks to learn the race, ethnicity, and national origin of his former co-workers and all of the people who were selected for positions he applied for.  Dkt. No. 67-1 at 2. Defendant represents that he has produced the information in the Navy's possession on these topics, while acknowledging that he does not possess all of the information requested.  *Id*. at 2–3; Dkt. No. 71 at 2–3.

Plaintiff has not shown that Defendant's representations are inaccurate or provided any basis for the Court to find that Defendant has failed to respond to the extent of his ability.  Because the information not provided is not in the possession or control of Defendant, Plaintiff's motion to compel is denied with respect to ROG 1.

### B.    Plaintiff's Motion is Denied With Respect to ROG 2.

ROG 2 requests that Defendant explain the meaning of test scores displayed in a table that was produced in the underlying EEOC proceeding.  Dkt. No. 67-1 at 3–4.  Defendant has explained that the person who created that table no longer works for Defendant, and that Defendant has provided the information that was used to create the table.  *Id.*, Dkt. No. 71 at 3–4.  Defendant

---

[2] Plaintiff contends that Defendant's opposition brief was untimely filed.  Dkt. No. 73 at 1.  But Plaintiff noted his motion to compel for September 26, 2024.  *See* Dkt. No. 67.  Although Plaintiff could have noted the motion to compel as a 21-day motion, thus requiring Defendant to respond sooner, he did not.  *See* Local Rules W.D. Wash. LCR 7(d)(3).  The Court finds that Defendant responded on a schedule consistent with the noting date selected by Plaintiff, and therefore declines to find the opposition untimely.

1

2

therefore argues that there is no further information in his possession that is responsive to ROG 2. Dkt. No. 71 at 3.

3

4

5

Plaintiff has not shown that Defendant's representations are inaccurate or provided any basis for the Court to find that Defendant has failed to respond to the extent of his ability.  Thus, Plaintiff's motion to compel is denied with respect to ROG 2.

6

**C.    Plaintiff's Motion is Denied With Respect to ROG 4 & RFP 17.**

7

8

9

10

ROG 4 and RFP 17 are identical, and request that Defendant create a table of test scores attained by a list of people in a certain format.  Dkt. No. 67-1 at 5, 18–19.  Defendant contends that he has provided the test scores in the Navy's possession, and that Plaintiff may create a table using that information.  *Id.*, Dkt. No. 71 at 4.

11

12

13

14

15

The Court agrees that to the extent that ROG 4 and RFP 17 seek information arranged in a table, these requests are outside the scope of Rule 26: Plaintiff is entitled to and has received the responsive information in Defendant's possession, but is not entitled to have Defendant organize that information in his preferred format.  Thus, Plaintiff's motion to compel is denied with respect to ROG 4 and RFP 17.

16

**D.    Plaintiff's Motion is Denied With Respect to RFP 1.**

17

18

19

20

21

RFP 1 seeks color copies of six of Plaintiff's former co-workers' driver's licenses and/or passports.  Dkt. No. 67-1 at 6.  Defendant represents that the Navy does not have this information. *Id.*, Dkt. No. 71 at 4.  Plaintiff argues that Defendant could demand that any of the former co-workers who are still employed by Defendant provide this information, but cites no authority that would allow Defendant to do so, and the Court is not aware of any.  *See* Dkt. No. 74 at 2–4.

22

23

Because the information sought in RFP 1 is not in the possession or control of Defendant, Plaintiff's motion to compel is denied with respect to RFP 1.

24

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 4

1

2

**E.      Plaintiff's Motion is Denied With Respect to RFP 2.**

RFP 2 requests that Defendant produce certain employment forms for a list of Plaintiff's

former co-workers along with the people selected for positions that Plaintiff applied for.  Dkt. No.

67-1 at 7.  Defendant objects on a number of grounds, including relevance and because the Navy

does not retain these forms as a matter of course.  *Id.* at 7–8.   Plaintiff contends that these forms

are relevant to his claims for discrimination because they list the national origin of the employees

and selectees.  Dkt. No. 73 at 6.  The forms do not ask for national origin, however; they ask for

place of birth (Dkt. No. 71 at 5–6), and that information is not relevant to Plaintiff's claims for

discrimination on the basis of race, color, or national origin.

Because the information sought in RFP 2 is not relevant and/or Defendant no longer has

the forms, Plaintiff's motion to compel is denied with respect to RFP 2.

**F.      Plaintiff's Motion is Denied With Respect to RFP 3.**

RFP 3 requests that Defendant produce certain employment forms for a list of Plaintiff's

former co-workers along with the people selected for positions that Plaintiff applied for.  Dkt. No.

67-1 at 8–9.  Although Defendant does distribute these forms to employees, the Navy does not

retain them; the forms are retained by the U.S. Office of Personnel Management.  *Id.* at 9, Dkt.

No. 71 at 6.  Thus, Defendant contends that he cannot fully respond to RFP 3 because the Navy

does not have the information sought, but notes that he has produced the information the Navy

does have about the race and ethnicity of the people listed in this RFP.  Dkt. No. 71 at 6.

Because the information sought in RFP 3 is not in the possession or control of Defendant,

Plaintiff's motion to compel is denied with respect to RFP 3.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 5

**G.**   **Plaintiff's Motion is Denied With Respect to RFP 8 & 9.**

RFP 8 and 9 seek a list of all the jobs that two of Plaintiff's former co-workers applied for, presented in a table format.  Dkt. No. 67-1 at 12–13.  Defendant contends he does not have this information nor the ability to obtain it.  Dkt. No. 71 at 6.

Because Plaintiff has not shown that the information sought in RFP 8 and 9 is in the possession or control of Defendant, Plaintiff's motion to compel is denied with respect to RFP 8 and 9.

**H.**   **Plaintiff's Motion is Denied With Respect to RFP 12.**

RFP 12 seeks forms documenting an HR action with respect to the people who applied for a position that Plaintiff applied for in 2014.  Dkt. No. 67-1 at 14.  Defendant objected on the grounds that any value to this information is outweighed by the burden required to manually locate these forms, given that Plaintiff has not provided any basis for the Court to find that these forms contain information relevant to this action.  *Id.*, Dkt. No. 71 at 7.

Because RFP 12 seeks information that Plaintiff has not shown is relevant, Plaintiff's motion to compel is denied with respect to RFP 12.

**I.**   **Plaintiff's Motion is Denied With Respect to RFP 18.**

RFP 18 seeks the resumes of everyone who applied for a position that Plaintiff applied for in 2014, who were found eligible during an initial screening by an HR specialist.  Dkt. No. 67-1 at 19.  Defendant represents that he does not have any responsive documents beyond those already produced.  *Id.*, Dkt. No. 71 at 7–8.

Because Plaintiff has not shown that the information sought in RFP 18 is in the possession or control of Defendant, Plaintiff's motion to compel is denied with respect to RFP 18.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.   CONCLUSION

For all of these reasons, Plaintiff's motion to compel (Dkt. No. 67) is DENIED.

Plaintiff indicated that he was unable to respond to Defendant's motion for summary judgment (Dkt. No. 68) until the motion to compel was resolved.  *See* Dkt. No. 70.  Now that the motion to compel has been resolved, Plaintiff is ORDERED to substantively respond to Defendant's motion for summary judgment no later than October 29, 2024.  Defendant may file a brief in reply to that response no later than November 5, 2024.  The clerk is DIRECTED to re-note Defendant's motion for summary judgment (Dkt. No. 68) for November 5, 2024.

Dated this 22nd day of October, 2024.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL - 7